**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Criminal No. 09-317(MJD/JMR)**

United States of America,

              Plaintiff,

vs.

              **DEFENDANT'S POSITION**
**WITH RESPECT TO SENTENCING**
**AND REQUEST FOR VARIANCE**

Adarus Abdulle Ali,

              Defendant.

## INTRODUCTION

This memorandum is submitted on behalf of Defendant Adarus Abdulle Ali in connection with sentencing before the Honorable Michael J. Davis. This Sentencing Memorandum will first address the basic Guideline calculation for the offenses for which Mr. Ali pled guilty. Second, the Memorandum will articulate and outline the bases for Mr. Ali's request for a downward variance from the advisory sentencing guideline range and why such a sentence is consistent with the provisions of 18 U.S.C. § 3553(a).

## I.    SENTENCING GUIDELINE RANGE:

The guideline range for imprisonment as calculated in the Presentence Report is 324-405 months based on a total offense level of 36 and a criminal history category of VI, as found in Zone D of the Sentencing Table Guideline Manual, Chapter 5, Part A. However, pursuant to §5G1.1(c)(1), the guideline imprisonment range cannot be greater than 60 months, the statutorily authorized maximum sentence.

The government believes that a 12-level enhancement is applicable because the offense was intended to promote a federal crime of terrorism.  Defendant reserved the right to argue against this enhancement and the defense also believes that defendant played a minor role in the offense.  The government opposes any minor role reduction. Accordingly, Mr. Ali is objecting to the guideline calculation on the ground that the 12-level victim related enhancement pursuant to §3A1.4 should not apply and the applicable guideline range should be 41-51 months. In addition, defendant/Mr. Ali is seeking a variance from that guideline range pursuant to 18 U.S.C. § 3553(a).

**GUIDELINE OBJECTIONS**

A.  **Role**

1.    Mr. Ali maintains that he should be granted a 2-level reduction under § 3B1.2(b) for his minor role in the offense because he was substantially less culpable than an average participant.  Mr. Ali participated in only one meeting, only drove individuals to the airport once and only provided funds on one occasion. That was the extent of his participation and those are the only affirmative steps he took.  Obviously, these actions were compounded when he subsequently lied about his activities when summoned to testify before the grand jury. Based on his minimal involvement, however, Mr. Ali maintains that he should still be granted a 2-level reduction based on his minor role.

B.  **Enhancement Pursuant to § 3A1.4**

2.    Mr. Ali objects to the 12-level terrorism enhancement and criminal history category override (under § 3A1.4) on the ground that his felony charge of perjury was not

intended to promote a federal crime of terrorism. The government disagrees. The government's argument is premised on a threshold determination that Mr. Ali is a terrorist. He is not. He is a perjurer--- a perjurer who is unlikely to recidivate, definitely capable of rehabilitation and not in need of incapacitation. Since the date of his plea, he has done nothing wrong, has attempted to remedy the wrong that he did commit and has clearly demonstrated rehabilitation even before final disposition of his case.

His lone act of perjury was not calculated to influence or affect the conduct of government by intimidation or coercion or to retaliate against government conduct. Mr. Ali maintains that his actions do not involve a federal crime of terrorism nor was it intended to encourage, further, or bring about a federal crime of terrorism. His actions before the grand jury were the result of fear and anxiety and since that fateful day, he has tried to remedy any potential impact.

The Eighth Circuit has not directly addressed the issue, but other Circuits have considered the application of the terrorist enhancement. In United States v. Chandia, the Fourth Circuit examined the requirements for the terrorism enhancement pursuant to §3A1.4(a) and concluded that application of the enhancement required specific findings by the district court that the defendant had acted with specific intent. 514 F.3d 365, 376 (4th Cir. 2008); United States v. Chandia, 675 F.3d 329, 331 (4th Cir. 2012) (reaffirming, the Court's previous ruling). Specifically, the Fourth Circuit found that for the §3A1.4(a) enhancement to apply, 18 U.S.C. §2332b(g)(5) requires the record to contain evidence that the defendant had specific intent to influence or affect the conduct of government by intimidating or coercion, or to retaliate against government conduct. Chandia, 514 F.3d at 375-76.

The government relies heavily on the Seventh Circuit's application of §3A1.4 in United States v. Ashqar, 582 F.3d 819, 824 (7th Cir. 2009). Defendant concedes that the facts are somewhat similar but maintains that it does not prevent the Court from making its own determination in this particular case.   The government concedes that the District Court must make specific factual findings in order to apply the terrorism enhancement and assumes that the Eighth Circuit would follow the example of the Fourth Circuit in Chandia.   Defendant maintains that applying these factors, this Court may conclude that the terrorism enhancement does not apply.

Although the Eighth Circuit has not directly addressed this issue, there is some precedent in a prior situation in the District of Minnesota. Another involved individual pled guilty before the Honorable James Rosenbaum to a single count of perjury committed in the course of the same investigation.   Defense counsel understands that the terrorism enhancement was not applied and that individual was subsequently sentenced to 120 days in jail with 3 years of supervised release.   Obviously, Mr. Ali recognizes that this Court is not bound by that decision and will make its own determination regarding the application of the enhancement and its own determination regarding the appropriate sentence pursuant to 18 U.S.C. §3553.

## II.   REASONABLE SENTENCE AND VARIANCE:

Mr. Ali stands before the Court as an individual, unique in his own circumstances and human failings.

> "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes, mitigate, sometimes magnify, the crime and the punishment to ensue." Gall v. United States, 128 S.Ct.

586, 598 (2007), quoting <u>Koon v. United States</u>, 518
U.S. 81, 113 (1996).

In <u>Rita v. United States</u>, 127 S.Ct. 2456 (2007), <u>Kimbrough v. United States</u>, 128

S.Ct. 558 (2007) and <u>Gall v. United States</u>, 128 S.Ct. 586 (2007), and also in

<u>Cunningham v. California</u>, 127 S.Ct. 856 (2007), the Supreme Court of the United States

has made it clear that Section 3553(a) is the controlling sentencing law and rejected the

devices that were used after <u>United States v. Booker</u>, 543 U.S. 220 (2005) to maintain a

*de facto* mandatory guideline sentence.

In <u>Gall</u> and <u>Kimbrough</u>, the Court recognized that a "deferential abuse-of-discretion

standard could successfully *balance* the need to reduce *unjustifiable* disparities across the

nation and consider every convicted person as an *individual*." <u>Id</u>. at 598 n.8 (internal

quotation marks and citations omitted)(emphasis supplied). Moreover, simply by

"correctly calculate[ing] and review[ing] the guideline range," a judge "necessarily

[gives] significant weight and consideration to the need to avoid unwarranted disparities."

<u>Gall</u>, 128 S.Ct. at 599.

In <u>Gall</u>, the Court not only used the terms "departure" and "variance"

interchangeably, <u>Gall</u>, 128 S.Ct. at 594, 197, but made no mention whatsoever of the

"heartland" concept or the guidelines' restrictions on consideration of individual

characteristics. This was so even though the case was all about a below-guideline

sentence based on offender characteristics that the guidelines ignore or deem "not

ordinarily relevant," including age and immaturity, voluntary withdrawal from the

conspiracy, and self rehabilitation through education, employment, and discontinuing the

use of drugs. <u>Id</u>. at 598-602. This strongly indicates that the "heartland" concept and the

guidelines' restrictive policy statements are no longer relevant, as some Courts of Appeals have held.  Indeed, Section 3553(a)(1) requires the sentencing Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in every case, and the statute trumps any guideline or policy statement to the contrary.  See Stinson v. United States, 508 U.S. 36, 38, 44, 45 (1993); United States v. LaBonte, 520 U.S. 751, 757 (1997).

U.S. v. Mireles, 617 F.3d 1009 (8th Cir.2010)  states that, after consideration of the Supreme Court's directives, "the district court should ordinarily determine first the appropriate guideline range, then decide if the guidelines permit a traditional departure, and finally determine whether the § 3553 (a) factors justify a variance from this guideline sentence."

## III. THE GUIDLINE'S RECOMMENDED SENTENCE IS NOT APPROPRIATE BASED ON THE 18 U.S.C. § 3553 (A) FACTORS AND MR. ALI'S UNIQUE CIRCUMSTANCES IN THIS CASE.

Section 3553(a) requires that a court impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing. 18 U.S.C. § 3553(a) (emphasis added).  Examination of § 3553(a) factors, clearly demonstrate that a  sentence of less than 60 months  is appropriate in this case and that the Court may properly consider some type of community confinement.

### A.  Nature and Circumstances of the Offense and the History and Characteristics of the Offender: 18 U.S.C.§ 3553(a)(1)

*1. Mr. Ali's History and Characteristics.*

Mr.  Ali stands before this Court convicted of a serious crime and is facing serious time. No one knows better than he what problems he has caused by his actions and his failure to testify candidly in his initial appearance before the grand jury.  The PSR as

submitted to the Court contains a thorough recitation of Mr. Ali's personal background and those facts will not be recited here. Suffice to say that despite his guilty plea and since his guilty plea, he has done everything possible to remedy this situation. He is a good husband and a proud father of three children with one on the way and wants to continue to be able to support them and to be a meaningful and productive member of society. The letters of support from family and friends confirm his good qualities and character.

Nonetheless, Mr. Ali recognizes that he needs to be punished for his actions but respectfully requests that the Court consider an appropriate sentence consistent with his crime. He has no prior criminal record and it is extremely unlikely that he will engage in criminal activity again.

Terroristic activity in any form strikes at the very heart and principles of Mr. Ali's adopted country. In particular in this day in age and in light of recent events, it is clear that this type of activity should not be countenanced, accepted, or tolerated.

Mr. Ali recognizes that what he did was wrong but in the end he wants this Court to know that he does have many redeeming qualities and does not need a lengthy prison sentence to convince him that his actions were wrong. Mr. Ali would fulfill and respond to any faith the Court puts in him and demonstrate that he is an individual worthy of an opportunity for a second chance.

**B. The Need for the Sentence Imposed to Promote Certain Statutory Objectives : 18 U.S.C. § 3553 (a)(2)**

*1. To reflect the seriousness of the offense, promote respect for the law and to provide just punishment for the offense.*

Assuming application of the terrorism enhancement pursuant to §3A1.4, the applicable guideline range is to say the least significant. Even with the restriction of 60 months necessitated by Mr. Ali's plea to single count of perjury he is still looking at a lengthy period of incarceration. Something considerably less than 60 months, however, would still reflect the seriousness of the offense, promote respect for the law and provide just punishment.

**2.** *To afford adequate deterrence to criminal conduct.*

A sentence of less than 60 months will also serve as an adequate deterrence to future criminal conduct.  Mr. Ali has demonstrated throughout his lengthy pretrial release that he has not and will not engage in further criminal conduct.

**3.** *To protect the public from further crimes of the defendant.*

A sentence of less than 60 months will also protect the public

### CONCLUSION

For all of the reasons stated above, Mr. Ali respectfully requests that the Court strongly consider a sentence significantly less than 60 months and even the possibility of some period of community/home confinement. He has clearly shown remorse for his actions, has fully accepted responsibility and has tried to remedy the wrong that he has done.

9

Dated:  April 24, 2013                    Respectfully submitted,

**LAW OFFICES OF**
**THOMAS H. SHIAH, LTD.**

By      S/Thomas H. Shiah_____
        Thomas H. Shiah #100365
        247 Third Avenue South
        Minneapolis, MN 55415
        (612) 338-0066

        Attorney for Defendant Ali